**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br>611 Pennsylvania Ave SE #231<br>Washington, DC 20003<br><br>　　　　　　*Plaintiff,*<br><br>　　　v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Ave., N.W.<br>Washington, DC 20530-0001<br><br>　　　　　　*Defendant*. | Civil Action No.: 1:22-cv-1427 |

**COMPLAINT**

1.　　Plaintiff America First Legal Foundation ("AFL") brings this action against the United States Department of Justice ("DOJ"), to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2.　　On his first day in office, Attorney General Garland promised that "there [would] not be one rule for Democrats and another for Republicans, one rule for friends and another for foes." Emily Jacobs, *Merrick Garland Speaks at DOJ Before Swearing-in by VP Kamala Harris*, N.Y. POST (Mar. 11, 2021), https://tinyurl.com/5x9wd53k. In contrast to the harsh prosecution against individuals at the United States Capitol on January 6, 2021, however, DOJ has been comparatively lenient against individuals protesting the murder of George Floyd in deadly riots across the country during summer 2020. *See Updated and Reposted: RCI's Jan. 6-BLM Riots Side-by-Side Comparison*, REALCLEARINVESTIGATIONS (Jan. 4, 2022), https://bit.ly/3lxYhSZ.

3.　　On November 4, 2021, Acting United States Attorney W. Anders Folk and Assistant United States Attorney Thomas Calhoun-Lopez filed the "Position of the United States

with Respect to Sentencing" in *United States of America v. Montez Terriel Lee, Jr.*, No. 20-cr-00168, Doc. 67 (D. Minn.) (the "Sentencing Memo"). *See* Exhibit 1. The Sentencing Memo described Mr. Lee's crime on May 28, 2020, during the "mostly peaceful protests … [when] the Cities of Minneapolis and St. Paul, and some surrounding communities, endured three nights of violence and destruction." *Id*. at 1. "Mr. Lee and others broke into the Max It Pawn Shop located at 2726 East Lake Street. Mr. Lee poured fire accelerant around the pawn shop and lit it on fire. The subsequent fire destroyed the business." *Id.* at 2.

4.      The Sentencing Memo described how Oscar Lee Stewart, who had been reported missing by his mother, was later found dead in the rubble of the Max It Pawn Shop. "The [Hennepin County Medical Examiner's O]ffice attributed Mr. Stewart's death to 'probable inhalation of products of combustion and thermal injury (building fire).'" *Id.* at 3-4. Mr. Stewart was a father of five. Lou Raguse, *Missing Man Identified as Victim of Pawn Shop Arson*, KARE 11 (Oct. 21, 2020), https://bit.ly/3FXuRqI.

5.      The Sentencing Memo agreed with the Presentencing Report's calculations that would place Mr. Lee's Guideline range at 235-240 months' imprisonment. Exhibit 1 at 4. However, the Sentencing Memo recommended a sentence of only 144 months. *Id.* at 12. Mr. Lee, it argued, was "caught up in the fury of the mob after living as a black man watching his peers suffer at the hands of police." *Id.* at 7 (internal quotations omitted). "Mr. Lee was terribly misguided, and his actions had tragic, unthinkable consequences. But he appears to have believed that he was, in Dr. King's eloquent words, engaging in 'the language of the unheard.'" *Id.* at 9.

6.      The American public needs to know how DOJ exercises its prosecutorial discretion to recommend leniency or harshness based on the political motivations of each criminal defendant and whether such decisions have been subject to external political influence.

**JURISDICTION AND VENUE**

7.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and

28 U.S.C. § 1331. Additionally, it may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et*

*seq*.

8.      Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C.

§ 1391(e).

**PARTIES**

9.      AFL is a nonprofit organization working to promote the rule of law in the United

States, prevent executive overreach, ensure due process and equal protection for all Americans,

and encourage public knowledge and understanding of the law and individual rights guaranteed

under the United States Constitution and the laws of the United States. AFL's mission includes

promoting government transparency and accountability by gathering official information,

analyzing it, and disseminating it through reports, press releases, and/or other media, including

social media platforms, all to educate the public. AFL's principal office is located in the District

of Columbia.

10.      DOJ is an agency under 5 U.S.C. § 552(f), with headquarters at 950 Pennsylvania

Avenue, NW, Washington, DC 20530-0001. It has possession, custody, and control of the

requested records.

**AFL'S FOIA REQUEST**

11.      To better understand the decision making and the potential political influence

behind the Sentencing Memo, AFL submitted a FOIA request through the DOJ Executive Office

for United States Attorneys (EOUSA) Portal at https://eousafoia.usdoj.gov/app/PalLogin.aspx on

January 25, 2022. *See* Exhibit 2.

12.     On February 3, 2022, AFL received a letter from EOUSA acknowledging receipt of AFL's FOIA request indicating its "final action" with respect to the request, providing the following as its sole justification:

> You have requested records concerning a third party. To the extent that non-public responsive records exist, without consent, proof of death, or an overriding public interest, disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. *See* 5 U.S.C. § 552(b)(6) & (b)(7)(C). Because any non-public records responsive to your request would be categorically exempt from disclosure, this Office is not required to conduct a search for the requested records.

*See* Exhibit 3.

13.     On February 14, 2022, AFL appealed EOUSA's denial through the DOJ Office of Information Policy web portal, FOIA STAR, at https://doj-foia.entellitrak.com/etk-doj-foia-prod/login.request.do. *See* Exhibit 4.

14.     On February 15, 2022, AFL received from the DOJ Office of Information Policy a letter acknowledging receipt of AFL's administrative appeal. *See* Exhibit 5.

15.     To date, AFL has received no further updates or communications from the Defendant about its January 25, 2022 FOIA request or its February 14, 2022 administrative appeal.

16.     There is a strong public interest in whether "the toxic ideology of critical race theory has spread through [DOJ]." Letter from Sen. Josh Hawley, to Merrick Garland, Att'y Gen. of the United States (Feb. 1, 2022), https://bit.ly/3M7pjfu (regarding the Sentencing Memo). Because

"[t]he principle of equal justice under the law demands that favor not be given based on political views," Letter from Rep. Chip Roy to Merrick Garland, Att'y Gen. of the United States (Feb. 9, 2022), https://bit.ly/3LabcVb (regarding the Sentencing Memo), there is weighty public interest in shining a light on the sentencing determination in this case.

17.    As Justice Thurgood Marshal wrote, "[t]he basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

18.    By failing to provide AFL with responsive records and failing to respond to its administrative appeal, DOJ is depriving AFL and the public of vital information needed to determine whether DOJ allowed political factors to inappropriately influence its decision to recommend leniency in the sentencing of an arsonist during the deadly riots which occurred during summer 2020.

**CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**

19.    AFL repeats paragraphs 1-18.

20.    DOJ is an agency of the federal government within the meaning of 5 U.S.C. § 552(f).

21.    By letter dated January 25, 2022, AFL submitted a FOIA request to EOUSA.

22.    AFL's FOIA request complied with all applicable statutes and regulations.

23.    DOJ failed to conduct a reasonable search for responsive records, and the requested records are not exempt from disclosure pursuant to 5 U.S.C. §§ 552(b)(6), 7(C), or any other FOIA exemption.

24.     Moreover, DOJ failed to disclose any segregable, non-exempt portions of responsive records.  *See* 5 U.S.C. § 552(b).

25.     By letter dated February 14, 2022, AFL appealed EOUSA's denial.

26.     AFL's administrative appeal complied with all applicable statutes and regulations.

27.     DOJ has failed to respond to AFL's request within the statutory time-period. *See* 5 U.S.C. § 552(a)(6).

28.     Accordingly, AFL has exhausted its administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C).

29.     By failing to make a determination with respect to AFL's administrative appeal, make a request to AFL for information, release any responsive, non-exempt records, or otherwise offer a reasonable schedule for production, DOJ has violated FOIA. *See* 5 U.S.C. § 552(a)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, AFL respectfully requests that this Court:

i.      Declare that the records sought in Exhibit 2 must be disclosed.

ii.     Order DOJ to search immediately, demonstrating search methods reasonably likely to lead to the discovery of responsive records.

iii.    Order DOJ to produce by a date certain all non-exempt records responsive to AFL's FOIA request.

iv.     Award AFL attorneys' fees and costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E).

v.      Grant AFL such other and further relief as this Court deems proper.

May 20, 2022                                   Respectfully submitted,

                                                       */s/ Michael Ding*
                                                       MICHAEL DING

D.C. Bar No. 1027252
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave SE #231
Washington, D.C. 20003
Tel.: (202) 964-3721
E-mail: michael.ding@aflegal.org

*Counsel for Plaintiff America First Legal Foundation*