UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICA FIRST LEGAL FOUNDATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 22-1427 (RC) |
| DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) | |

**MEMOANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1
BACKGROUND ...................................................................................................................1
STANDARDS OF REVIEW..................................................................................................3
ARGUMENT..........................................................................................................................5
   I.   The Department Properly Invoked Exemption 5 .............................................5
   II.   The Department Properly Invoked Exemptions 6 and 7(C)..............................7
   III.   The Department Has Released All Reasonably Segregable Information ............8
CONCLUSION.....................................................................................................................10

# TABLE OF AUTHORITIES

PAGE(S)

Cases

*Agrama v. IRS*,
  282 F. Supp. 3d 264 (D.D.C. 2017)...............................................................................13
*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ........................................................................................................8
*Blackwell v. FBI*,
  646 F.3d 37 (D.C. Cir. 2011) .......................................................................................12
*Boyd v. Crim. Div. of Dep't of Just.*,
  475 F.3d 381 (D.C. Cir. 2007) ......................................................................... 12, 13, 14
*Loving v. Dep't of,
  Def.*, 550 F.3d 32 (D.C. Cir. 2008)...............................................................................10
*Machado Amadis v. Dep't of State*,
  971 F.3d 364 (D.C. Cir. 2020) ..................................................................................9, 10
*Mead Data Cent., Inc. v. U.S. Dep't of Air Force*,
  566 F.2d 242 (D.C. Cir. 1977) .....................................................................................13
*Meeropol v. Meese*,
  790 F.2d 942 (D.C. Cir. 1986) ...................................................................................8, 9
*Oglesby v. Dep't of Army*,
  920 F.2d 57 (D.C. Cir. 1990) .....................................................................................8, 9
*Perry v. Block*,
  684 F.2d 121 (D.C. Cir. 1982) .......................................................................................8
*Pub. Employees for Envtl. Responsibility v. EPA*,
  211 F. Supp. 3d 227 (D.D.C. 2016)..............................................................................11
*SafeCard Servs., Inc. v. SEC*,
  926 F.2d 1197 (D.C. Cir. 1991) .....................................................................................9
*Summers v. Dep't of Just.*,
  140 F.3d 1077 (D.C. Cir. 1998) ...................................................................................13
*Ullah v. CIA*,
  435 F. Supp. 3d 177 (D.D.C. 2020)................................................................................8
*Weisberg v. Dep't of Just.*,
  705 F.2d 1344 (D.C. Cir. 1983) .....................................................................................8

Statutes

5 U.S.C. § 552(b) .................................................................................................................9, 13
5 U.S.C. § 552(b)(5).................................................................................................................10
5 U.S.C. § 552(b)(7)(C)............................................................................................................12

Rules

Fed. R. Civ. P. 56(a)............................................................................................................8

Defendant the Department of Justice ("Defendant" or the "Department") respectfully submits this memorandum in support of its motion for summary judgment in this Freedom of Information Act ("FOIA") case.

## INTRODUCTION

This case arises from a FOIA request that Plaintiff America First Legal Foundation ("Plaintiff") submitted the Department. The Department now moves for summary judgment with respect to the withholdings asserted by the Department. As discussed below, the Department properly invoked FOIA Exemptions 5, 6, and 7(C) for its withholdings and has released all non-exempt information. Accordingly, the Court should grant summary judgment in Defendant's favor.

## BACKGROUND

Plaintiff submitted a FOIA request to the Department on January 25, 2022, seeking information relating to a criminal prosecution involving a third-party individual who has not provided consent or authorization for the release of non-public information involving himself or his case. Declaration of Natasha Hudgins ("Hudgins Decl.") ¶ 6. On February 3, 2022, the Department denied the FOIA request in full, invoking FOIA Exemptions 6 and 7(C). *Id.* ¶ 7. On February 14, 2022, Plaintiff submitted an appeal of its request to the Department's Office of Information Policy. *Id.* ¶ 9. On May 23, 2022, the Office of Information Policy affirmed the Department's original action with respect to Plaintiff's FOIA request. *Id.* ¶ 10. After February 1, 2023, Plaintiff and the Department conferred and resolved any questions Plaintiff had surrounding the adequacy of the Department's search for responsive records, and the only withholdings that Plaintiff is currently contesting in this litigation are those made to two documents, under FOIA Exemptions 5, 6, and 7(C). *Id.* ¶ 12.

Pursuant to FOIA Exemption 5, the Department withheld information pursuant to the deliberative process privilege and the attorney-client privilege. *Id.* ¶¶ 13-18. Pursuant to FOIA Exemption 5's deliberative process privilege and the attorney-client privilege, the Department withheld from disclosure—among other things—"a draft sentencing memorandum and the request to recommend a variance or departure from the advisory sentencing guidelines drafted by the [Assistant United States Attorneys] who were handling the third-party criminal case." *Id.* ¶ 14. Additional information elucidating the Department's application of Exemption 5 is provided in the Department's *Vaughn* Index. *See generally* Ex. 1, *Vaughn* Index.

Pursuant to FOIA Exemption 6, the Department withheld "non-public information concerning the third-party criminal defendant . . . contained in the two contested records." Hudgins Decl. ¶ 18. "The disclosure of information contained in the two contested records could subject the third party to an unwarranted invasion of their personal privacy by leading to efforts of individuals to contact them directly, gain access to their personal information, or subject them to harassment or harm. Further, it could subject the defendant to additional stigma and scrutiny that often results from a criminal conviction." *Id.* ¶ 22. Additional information elucidating the Department's application of Exemption 6 is provided in the Department's *Vaughn* Index. *See generally* Ex. 1.

The Department is a law enforcement agency. Hudgins Decl. ¶ 20. Plaintiff's FOIA request seeks law enforcement records. *Id.* Pursuant to FOIA Exemption 7(C), the Department withheld "the internal information surrounding the sentencing recommendation" regarding the third-party individual who is the subject of the two contested documents. *Id.* ¶ 22. Additional information elucidating the Department's application of Exemption 7(C) is provided in the Department's *Vaughn* Index. *See generally* Ex. 1, *Vaughn* Index.

**STANDARDS OF REVIEW**

Under Federal Rule of Civil Procedure ("Rule") 56, a court will grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" when it "might affect the outcome of the suit under the governing law." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Ullah v. CIA*, 435 F. Supp. 3d 177, 181 (D.D.C. 2020) (internal quotation marks omitted). An agency is entitled to summary judgment regarding its search if the agency has conducted a search "reasonably calculated to uncover all relevant documents." *Weisberg v. Dep't of Just.*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). "[A] search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request." *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986). The adequacy of an agency's search does not turn on whether the requested information is found, but instead is measured by a "standard of reasonableness." *Weisberg*, 705 F.2d at 1351. That is, the agency must show "that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

The agency must explain the "scope and method of the search" in "reasonable detail[,]" but need not provide "meticulous documentation [of] the details of an epic search." *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982). "At the summary judgment stage, . . . the court may rely on a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched."

3

*Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *see DeBrew v. Atwood,* No. 12-5361 (June 30, 2015). An agency's affidavits describing its FOIA searches are afforded "substantial weight" (*Meeropol v. Meese*, 790 F.2d 942, 954 (D.C. Cir. 1986)) and "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

Moreover, "[t]o withhold a responsive record, an agency must show both that the record falls within a FOIA exemption, 5 U.S.C. § 552(b), and that the agency 'reasonably foresees that disclosure would harm an interest protected by [the] exemption,' *id.* § 552(a)(8)(A)(i)(I)." *Machado Amadis v. Dep't of State*, 971 F.3d 364, 370 (D.C. Cir. 2020). "The agency may carry [the burden of establishing that a claimed exemption applies] by submitting affidavits that 'describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Citizens for Resp. & Ethics in Wash. v. Dep't of Just.*, 746 F.3d 1082, 1088 (D.C. Cir. 2014). "Agency affidavits sometimes take the form of a '*Vaughn* index,' but there is 'no fixed rule' establishing what such an affidavit must look like[.]" *Id.* (citation omitted).

Finally, "FOIA provides that '[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt.'" *Machado Amadis*, 971 F.3d at 371 (quoting 5 U.S.C. § 552(b)). "[The D.C. Circuit has] held that district courts cannot approve withholding exempt documents 'without making an express finding on segregability.'" *Id.* "An agency may satisfy [its segregability] obligation by '(1) providing a *Vaughn* index that adequately describes each withheld document and the exemption under which

4

it was withheld; and (2) submitting a declaration attesting that the agency released all segregable material.'" *Jud. Watch v. Dep't of Def.*, No. 19-1384 (DLF), 2021 WL 270503, at *6 (D.D.C. Jan. 27, 2021). "The segregability requirement does not apply to non-exempt material that is 'inextricably intertwined' with exempt material, and agencies are entitled to a presumption that they disclosed all reasonably segregable material[.]" *Id.* (citation omitted).

## ARGUMENT

As discussed below, the Court should grant judgment in the Department's favor because it has properly invoked FOIA Exemptions 5, 6, and 7(C) for its withholdings and has properly ensured the release of all segregable information to Plaintiff.

## I. The Department Properly Invoked Exemption 5

Exemption 5 exempts from disclosure "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "Exemption 5 'incorporates the traditional privileges that the Government could assert in civil litigation against a private litigant'—including the presidential communications privilege, the attorney-client privilege, the work product privilege, and the deliberative process privilege—and excludes these privileged documents from FOIA's reach." *Loving v. Dep't of Def.*, 550 F.3d 32, 37 (D.C. Cir. 2008).

"To fall within the [deliberative process] privilege, a document must be predecisional and deliberative." *Machado Amadis*, 971 F.3d at 370. "Documents are predecisional if they are generated before the adoption of an agency policy, and deliberative if they reflect the give-and-take of the consultative process." *Id.* (internal quotation marks omitted). The deliberative process privilege "protects debate and candid consideration of alternatives within an agency, thus improving agency decisionmaking." *Id.* (internal quotation marks omitted). "The deliberative process privilege incorporated into FOIA Exemption 5 allows agencies to withhold 'documents

reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Jud. Watch*, 2021 WL 270503 at *2.

Further, "[t]he attorney-client privilege protects confidential communications from client to attorney, and from attorney to client." *Pub. Employees for Envtl. Responsibility v. EPA*, 211 F. Supp. 3d 227, 230 (D.D.C. 2016). "Without protections for attorney-client communications, agency officials might not share information with their counsel in the first place and would consequently be deprived of sound legal advice." *Id.* "The [attorney-client] privilege applies only to '[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance,' and to an attorney's 'communication [to the client] based on confidential information provided by the client[.]'" *Id.* at 231 (citation omitted). "In this context, the 'client' is the agency and its officials." *Id.* "And those officials may be either 'high-level agency personnel' or 'lower-echelon employees.'" *Id.*

Accordingly, pursuant to Exemption 5, the Department withheld certain information, including information protected by: (1) the deliberative process privilege and (2) the attorney-client privilege. Hudgins Decl. ¶¶ 13-18. As to the deliberative process privilege and the attorney-client privilege, the Department withheld "a draft sentencing memorandum and the request to recommend a variance or departure from the advisory sentencing guidelines drafted by the [Assistant United States Attorneys] who were handling the third-party criminal case." *Id*. ¶ 13. Additional information about the Department's withholdings based upon the deliberative process privilege, attorney-client privilege, and the foreseeable harm that would result from disclosure is detailed in the Department's *Vaughn* indices accompanying the Hudgins Declaration. *See generally* Ex. 1, *Vaughn* Index.

6

II.     **The Department Properly Invoked Exemptions 6 and 7(C)**

Under Exemption 7(C), FOIA exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C); *see also Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 160 (2004) (same). "As a result of Exemption 7(C), FOIA ordinarily does not require disclosure of law enforcement documents (or portions thereof) that contain private information." *Blackwell v. FBI*, 646 F.3d 37, 41 (D.C. Cir. 2011). "[P]rivacy interests are particularly difficult to overcome when law enforcement information regarding third parties is implicated." *Id.* (internal quotation marks omitted). "[T]he Supreme Court has made clear that requests for such third-party information are strongly disfavored." *Id.* (internal quotation marks omitted). "That is particularly true when the requester asserts a public interest—however it might be styled—in obtaining information that relates to a criminal prosecution." *Id.*

"[T]o trigger the balancing of public interests against private interests," a FOIA requester must show (i) "'that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake,'" and (ii) "'the information is likely to advance that interest.'" *Boyd v. Crim. Div. of Dep't of Just.*, 475 F.3d 381, 387 (D.C. Cir. 2007) (quoting *Favish*, 541 U.S. at 172).

The Department is a law enforcement agency. Hudgins Decl. ¶ 20. Plaintiff's FOIA request sought law enforcement records. *Id.* Pursuant to Exemption 7(C), as well as Exemption 6, the Department withheld confidential, non-public information concerning the third-party criminal defendant contained in the two contested records in this case, including internal information surrounding a sentencing recommendation. *Id.* ¶¶ 18, 22. Disclosure of such information would constitute an unwarranted invasion of the affected individual's personal privacy. *Id.* The disclosure

7

of information contained in the two contested records could subject the third party to an unwarranted invasion of their personal privacy by leading to efforts of individuals to contact them directly, gain access to their personal information, or subject them to harassment or harm. Further, it could subject the defendant to additional stigma and scrutiny that often results from a criminal conviction." *Id.* ¶ 23. Additional information elucidating the Department's application of Exemptions 6 and 7(C) is provided in the Department's *Vaughn* Index. *See generally* Ex. 1, *Vaughn* Index.

**III.**     **The Department Has Released All Reasonably Segregable Information**

While an agency may properly withhold records or parts of records under one or more FOIA exemptions, it "must release 'any reasonably segregable portions' of responsive records that do not contain exempt information.'" *Agrama v. IRS*, 282 F. Supp. 3d 264, 275 (D.D.C. 2017); *see* 5 U.S.C. § 552(b) (requiring "any reasonably segregable portion of a record shall be provided to [the requester] after deletion of the portions which are exempt"). Non-exempt portions of a document "must be disclosed unless they are inextricably intertwined with exempt portions." *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977). Before approving the application of a FOIA exemption, district courts must make specific findings of segregability regarding the documents to be withheld. *Summers v. Dep't of Just.*, 140 F.3d 1077, 1081 (D.C. Cir. 1998). Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material. *Boyd v. Crim. Div. of U.S. Dep't of Just.*, 475 F.3d 381, 391 (D.C. Cir. 2007).

Here, the Department ensured that "each page was individually examined line-by-line by members of the Staff to identify non-exempt information which could be reasonably segregated and released." Hudgins Decl. ¶ 39. The Department determined that all information withheld either was exempt from disclosure or was so intertwined with protected material that segregation

8

was not possible without revealing the underlying protected material. *Id*. The Department produced all the segregable, non-exempt information in the requested records. *Id*. ¶ 40. Accordingly, the Court should conclude that the Department has satisfied its obligation to disclose any reasonably segregable information.

* * *

## CONCLUSION

For all these reasons and those in the accompanying declaration, the Department respectfully requests that summary judgment be granted in their favor.

Dated: October 31, 2024

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: _____/s/ *Fithawi Berhane*_____
FITHAWI BERHANE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6653
Fithawi.Berhane@usdoj.gov

*Attorneys for the United States of America*