UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 22-1427 (RC) |

**PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS NOT GENUINELY IN DISPUTE AND RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH IT CONTENDS THERE IS NO GENUINE ISSUE**

Pursuant to Local Civil Rule 7(h), Plaintiff America First Legal Foundation ("AFL") submits this Statement of Additional Material Facts Not Genuinely in Dispute and Resopnse to Defendant's separate Statement of Material Facts as to Which it Contends There is No Genuine Issue ("PSOF").

**PLAINTIFF'S LCvR 7(H) STATEMENT OF ADDITIONAL MATERIAL FACTS NOT GENUINELY IN DISPUTE**

**I. Events giving rise to the Plaintiff's Request**

1. On May 28, 2020, during a protest sparked by the death of George Floyd, Montez Terriel Lee Jr. broke into a pawn shop in Minneapolis and set it on fire using a liquid accelerant. ECF No. 1-1 at 2.

2. Days later, on June 5, 2020, Oscar Lee Stewart was reported missing by his mother, who had not seen him since May 28, 2020. ECF No. 1-1 at 3.

3.  On July 20, 2020, the body of Mr. Stewart was located inside the rubble of the pawn shop that Mr. Lee had burned down. ECF No. 1-1 at 3.

4.  The Hennepin County Medical Examiner's Office determined that he died as a result of "probable inhalation of products of combustion and thermal injury." ECF No. 1-1 at 3–4.

5.  Mr. Lee was subsequently charged with arson. ECF No. 1-1 at 4.

6.  In its sentencing memorandum, filed on November 4, 2021, the United States sought a significant downward variance from the sentencing guidelines. ECF No. 1-1 at 5–13.

7.  That memorandum argued for the downward variance by saying that "even the great American advocate for non-violence and social justice, Dr. Martin Luther King, Jr., stated in an interview with CBC's Mike Wallace in 1966 that "we've got to see that a riot is the language of the unheard." ECF No. 1-1 at 7–8.

8.  Mr. Lee was convicted of arson. ECF No. 1-1 at 4.

**II. The Plaintiff's Request**

9.  In the wake of the decision to use this language to recommend a significant downward variance from the sentencing guidelines for an arsonist who killed a man, America First Legal Foundation filed a FOIA request on January 25, 2022 with the Executive Office for United States Attorneys. ECF No. 1-2.

10. The EOUSA responded, denying that request in full on February 3, 2022, citing exemptions (b)(6) and (b)(7)(C). ECF No. 1-3.

11. AFL timely appealed this denial on February 14, 2022. ECF No. 1-4.

12. The DOJ's Office of Information Policy denied the appeal on May 23, 2022. ECF No. 25-3 ¶ 10.

13. AFL filed suit in this Court on May 20, 2022. ECF No. 1.

14. On February 1, 2023 (almost a year after OIP affirmed the original denial), EOUSA conducted a search and made a release of documents. ECF No. 25-3 ¶ 11.

## PLAINTIFF'S LCvR 7(H) RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH IT CONTENDS THERE IS NO GENUINE DISPUTE

1. Plaintiff submitted a FOIA request to the Department on January 25, 2022, seeking information relating to a criminal prosecution involving a third-party individual who has not provided consent or authorization for the release of non-public information involving himself or his case. Declaration of Natasha Hudgins ("Hudgins Decl.") ¶ 6.

**Plaintiff's response:** Not disputed.

2. On February 3, 2022, the Department denied the FOIA request in full, invoking FOIA Exemptions 6 and 7(C). *Id*. ¶ 7.

**Plaintiff's response:** Not disputed.

3. On February 14, 2022, Plaintiff submitted an appeal of their request to the Department's Office of Information Policy. *Id*. ¶ 9.

**Plaintiff's response:** Not disputed.

4. On May 23, 2023, the Office of Information Policy affirmed the Department's original action with respect to Plaintiff's FOIA request. *Id*. ¶ 10.

**Plaintiff's response:** Not disputed.

5.  EOUSA ultimately conducted a search and made its final response to Plaintiff on or about February 1, 2023. By that response, EOUSA released 19 pages in full, released 12 pages in part, and withheld 39 pages in full. The remaining pages of potentially responsive records processed were determined to be duplicates or non-responsive records. *Id.* ¶ 11.

**Plaintiff's response:** Not disputed.

6.  After February 1, 2023, Plaintiff and the Department have conferred and resolved any questions Plaintiff had surrounding the adequacy of the search. Moreover, the only withholdings that Plaintiff is currently contesting in this litigation are those made to two documents, under FOIA Exemptions 5, 6, and 7(C). *Id.* ¶ 12.

**Plaintiff's response:** Disputed. On September 30, 2024, Plaintiff's counsel communicated via email to Defendant's counsel that the Plaintiff only wishes to challenge the withholdings identified as "WIF Doc 2" and "WIF Doc 4" in the *Vaughn* index. At the Court's request, the Plaintiff can file a copy of this email communication.

7.  Pursuant to FOIA Exemption 5, the Department withheld information pursuant to the deliberative process privilege and the attorney-client privilege. *Id.* ¶¶ 13-18.

**Plaintiff's response:** Not disputed.

8.  Pursuant to FOIA Exemption 5's deliberative process privilege and the attorney-client privilege, the Department withheld from disclosure—among other things—"a draft sentencing memorandum and the request to recommend a variance or departure from the advisory sentencing guidelines drafted by the [Assistant United States Attorneys] who were handling the third-party criminal case." *Id.* ¶ 13.

**Plaintiff's response:** Not disputed that the Department withheld those documents, among others. But, as stated above, the Plaintiff also challenged the Department's withholding of the Presentencing Investigation Report labeled "WIF Doc 4" in the *Vaughn* index.

9. Additional information elucidating the Department's application of Exemption 5 is provided in the Department's *Vaughn* Index. *See generally* Ex. 1, *Vaughn* Index.

**Plaintiff's response:** Not disputed.

10. Pursuant to FOIA Exemption 6, the Department withheld "non-public information concerning the third-party criminal defendant…contained in the two contested records." Hudgins Decl. ¶ 19.

**Plaintiff's response:** Not disputed.

11. "The disclosure of information contained in the two contested records could subject the third party to an unwarranted invasion of their personal privacy by leading to efforts of individuals to contact them directly, gain access to their personal information, or subject them to harassment or harm. Further, it could subject the defendant to additional stigma and scrutiny that often results from a criminal conviction." *Id.* ¶ 23.

**Plaintiff's response:** Not disputed insofar as the statement quotes the Hudgins Declaration, but Plaintiff objects to this PSOF because it sets forth a legal conclusion, not a statement of material fact.

12. Additional information elucidating the Department's application of Exemption 6 is provided in the Department's Vaughn Index. *See generally* Ex. 1.

**Plaintiff's response:** Not disputed.

13. The Department is a law enforcement agency. Hudgins Decl. ¶ 20.

**Plaintiff's response:** Not disputed.

14.   Plaintiff's FOIA request seeks law enforcement records. *Id*.

**Plaintiff's response:** Not disputed.

15.   Pursuant to FOIA Exemption 7(C), the Department withheld "the internal information surrounding the sentencing recommendation" regarding the third-party individual who is the subject of the two contested documents. *Id*. ¶ 22.

**Plaintiff's response:** Not disputed.

16.   Additional information elucidating the Department's application of Exemption 7(C) is provided in the Department's *Vaughn* Index. *See generally* Ex. 1.

**Plaintiff's response:** Not disputed.

17.   The Department ensured that "each page was individually examined line-by-line by members of the Staff to identify non-exempt information which could be reasonably segregated and released." Hudgins Decl. ¶ 39.

**Plaintiff's response:** Not disputed insofar as the statement quotes the Hudgins Declaration, but Plaintiff objects to this PSOF because it sets forth a legal conclusion, not a statement of material fact.

18.   The Department determined that all information withheld either was exempt from disclosure or was so intertwined with protected material that segregation was not possible without revealing the underlying protected material. *Id*.

**Plaintiff's response:** Plaintiff objects to this PSOF because it sets forth a legal conclusion, not a statement of material fact.

19.   The Department produced all the segregable, non-exempt information in the requested records. *Id*. ¶ 40.

**Plaintiff's response:** Plaintiff objects to this PSOF because it sets forth a legal conclusion, not a statement of material fact.

Dated: December 2, 2024

Washington D.C.                             Respectfully submitted,

                                                                           By: /s/ *Michael Ding*
Michael Ding (D.C. Bar No. 1027252)
Jacob Meckler (D.C. Bar No. 90005210)
Tel: (202) 964-3721
E-mail: Michael.Ding@aflegal.org
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Avenue SE #231
Washington, D.C. 20003

*Counsel for America First Legal Foundation*