UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICA FIRST LEGAL FOUNDATION,

    Plaintiff,

    v.

DEPARTMENT OF JUSTICE,

    Defendant.

Civil Action No. 22-1427 (RC)

**COMBINED REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S <u>CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION ............................................................................................................1

ARGUMENT....................................................................................................................1

I.    The Presentence Investigation Report is Not an Agency Record. .......................1

II.    Defendant Properly Withheld Information Pursuant to Exemption 5. ................3

    A.  Defendant Has Shown That the Records Withheld Under Exemption 5 Are Connected to a Decision-Making Process and Were Properly Withheld Under the Deliberative Process Privilege. .............................................................................................................3

    B.  Defendant Has Shown That the Records Were Properly Withheld Under Exemption 5's Attorney Work Product Privilege. ......................................................................6

    C.  Defendant Has Made the Requisite Foreseeable Harm Showing in Support of its Exemption 5 Withholdings. ...............................................................................................7

III.   The Department Properly Withheld Information Pursuant to Exemptions 6 and 7(C). .......8

IV.   Defendant Performed an Adequate Segregability Analysis..............................11

CONCLUSION...............................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

Cases

*Arab Am. Inst. v. Off. of Mgmt. & Budget*,
  Civ. A. No. 18-0871, 2020 WL 4698098 (D.D.C. Aug. 13, 2020)............................................4
*August v. FBI*,
  328 F.3d 697 (D.C. Cir. 2003) ..................................................................................................6
*Blackwell v. FBI*,
  646 F.3d 37 (D.C. Cir. 2011)..............................................................................................9, 10
*Boyd v. Crim. Div. of Dep't of Just.*,
  475 F.3d 381 (D.C. Cir. 2007).................................................................................................10
*Budik v. Dep't of Army*,
  742 F. Supp. 2d 20 (D.D.C. 2010) ..........................................................................................11
*Carson v. Dep't of Just.*,
  31 F.2d 1008 (D.C. Cir. 1980)..................................................................................................2
*Coastal States Gas Corp. v. Dep't of Energy*,
  617 F.2d 854 (D.C. Cir. 1980)...............................................................................................3, 4
*Coleman v. Lappin*,
  607 F. Supp. 2d 15 (D.D.C. 2009) ......................................................................................9, 11
*Comm. for Freedom of the Press v. FBI*,
  3 F.4th 350 (D.C. Cir. 2021).....................................................................................................7
*Food Mktg. Inst. v. Argus Leader Media*,
  588 U.S. 427 (2019) ................................................................................................................11
*Heggestad v. Dep't of Just.*,
  182 F. Supp. 2d 1 (D.D.C. 2000) ..............................................................................................6
*Henderson v. Dep't of Just.*,
  157 F. Supp. 3d 42 (D.D.C. 2016) .......................................................................................8, 9
*In Re Subpoena Served Upon Comptroller of Currency & Sec'y of Bd. of Governors of Fed. Rsrv. Sys.*,
  967 F.2d 630 (D.C. Cir. 1992)..................................................................................................4
*Juarez v. Dep't of Just.*,
  518 F.3d 54 (D.C. Cir. 2008)....................................................................................................5
*Jud. Watch, Inc. v. Dep't of Navy*,
  25 F. Supp. 3d 131 (D.D.C. 2014) ...........................................................................................9
*Machado Amadis v. Dep't of State*,
  971 F.3d 364 (D.C. Cir. 2020)..................................................................................................3
*McKinley v. Bd. of Governors of the Fed. Reserve Sys.*,
  647 F.3d 331 (D.C. Cir. 2011)..................................................................................................6
*Nat'l Ass'n of Home Builders v. Norton*,
  309 F.3d 26 (D.C. Cir. 2002)....................................................................................................9
*Nat'l Immigr. Project of Nat'l Lawyers Guild v. ICE*, Civ. A.,
  No. 17-2448 (APM), 2020 WL 5798429 (D.D.C. Sept. 29, 2020)..........................................8
*Petroleum Info. Corp. v. Dep't of Interior*,
  976 F.2d 1429 (D.C. Cir. 1992)................................................................................................3

*Renegotiation Bd. v. Grumman Aircraft,*
   421 U.S. 168 (1975) ..................................................................................................3
*Rosenberg v. Dep't of Def.,*
   *Def.*, 442 F. Supp. 3d 240 (D.D.C., 2020) ...............................................................7
*SafeCard Servs., Inc. v. SEC,*
   926 F.2d 1197 (D.C. Cir. 1991) ................................................................................7

Statutes

5 U.S.C. § 552(b)(5) ..........................................................................................................1
5 U.S.C. § 552(b)(6) ..........................................................................................................8
5 U.S.C. § 552(b)(7)(C) .....................................................................................................9
Pub. L. 98-473 ...................................................................................................................2

Defendant, the Department of Justice ("Department" or "Defendant") respectfully submits this reply in further support of its motion for summary judgment (ECF No. 26, "Motion") and in opposition to Plaintiff America First Legal Foundation's cross-motion for summary judgment (ECF No. 27, "Cross-Motion").

**INTRODUCTION**

In its Motion, the Department demonstrated that it properly redacted information withheld under Exemptions 5, 6, and 7(C) of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b)(5), and released all properly segregable information responsive to Plaintiff's FOIA request. In its Cross-Motion, Plaintiff unpersuasively argues otherwise. *See generally* Pl.'s Cross-Mot (ECF No 27). To further support Defendant's arguments in support of summary judgment in its favor, and to respond to Plaintiff's arguments to the contrary, the Department adds the Supplemental Declaration of Natasha Hudgins. *See generally* Hudgins Supp. Decl. Despite Plaintiff's continued challenge to the Department's withholdings under Exemptions 5, 6, and 7(C), along with the adequacy of its segregability analysis, the Department has provided sufficient justification for its handling of Plaintiff's FOIA request. For the reasons provided in the Department's Motion and below, the Court should grant summary judgment to the Department.

**ARGUMENT**

**I.     The Presentence Investigation Report is Not an Agency Record.**

As an initial matter, Plaintiff's FOIA request seeks the release of a presentence investigation report relating to the criminal case of Montez Terrial Lee's ("Mr. Lee"), an individual who was convicted for committing the crime of arson in the U.S. District Court for the District of Minnesota. Pl.'s Cross-Mot. (ECF No. 27-1) at 6-8. In the Department's *Vaughn* Index (ECF No. 25-5), however, it was explained that the presentence investigation report is not an agency record subject to the FOIA, because that record is controlled by the U.S. Probation Office, which

is part of the Administrative Office of the U.S. Courts and is thereby exempt from any FOIA disclosure requirements. *Id*. at 11. The Department further explained that the presentence investigation report is currently subject to a seal by the U.S. District Court for the District of Minnesota. *Id*. at 11-12.

In its Cross-Motion, however, Plaintiff cites a dated D.C. Circuit case in support of the proposition that the presentence scheduling report is an agency record because it is "under the control of the Parole Commission, which is a part of the [Department]." Pl.'s Cross-Mot. (ECF. No. 27-1) at 24 (citing *Carson v. Dep't of Just.*, 31 F.2d 1008, 1009 (D.C. Cir. 1980)). But Plaintiff seems to misstate the ruling in the *Carson* case, which held that presentence scheduling reports only constitute agency records to the extent that they are transmitted to and come into the possession of the Parole Commission for the purposes of making parole determinations for those convicted of federal crimes. *See generally* Carson, 631 F.2d. And Mr. Lee's presentence scheduling report could not have been transmitted to the Parole Commission, because Mr. Lee committed his arson crime on May 28, 2020, and Congress, in the Sentencing Reform Act of 1984, abolished parole for those convicted of crimes under federal law after November 1, 1987. Pl.'s Cross-Mot. (ECF. No. 27-1) at 7-8; *see also generally* Pub. L. 98-473, title II, § 211. Given that Mr. Lee is not eligible for federal parole, there is no reason why the Parole Commission would be in possession of his presentence investigation report. Of course, the Parole Commission and the U.S. Probation Office are different entities, and only the former is part of the Department.

Plaintiff also avers that the Department has not proven that the presentence investigation report is under seal. Pl.'s Cross-Mot. (ECF No. 27-1) at 24. That the presentence investigation report is subject to a seal is self-evident from a review of the docket in Mr. Lee's criminal case. Prelim. Presentence Rep., *United States v. Lee*, Crim. No. 20-0168 (D. Minn. Sep. 9, 2021), ECF

2

No. 59 (reflecting sealing of presentencing investigation report). Plaintiff's purported unawareness of this fact is surprising, given how exhaustively the Cross-Motion discusses the details of Mr. Lee's criminal case.

Accordingly, the Court should conclude that the presentence investigation report is not an agency record subject to the FOIA.

## II. Defendant Properly Withheld Information Pursuant to Exemption 5.

Plaintiff contends that the information Defendant withheld pursuant to the deliberative process privilege under Exemption 5 is neither pre-decisional nor deliberative, and therefore should be disclosed. Pl.'s Cross-Mot. (ECF No. 27-1) at 11-16. Further, Plaintiff asserts that Defendant has improperly withheld information under the attorney work product privilege pursuant to Exemption 5. *Id.* at 16-18. Plaintiff is incorrect as to all these points.

### A. Defendant Has Shown That the Records Withheld Under Exemption 5 Are Connected to a Decision-Making Process and Were Properly Withheld Under the Deliberative Process Privilege.

For agency information to be properly withheld pursuant to the deliberative process privilege, it must be both pre-decisional and deliberative. *Abtew v. Dep't of Homeland Sec.*, 808 F.3d 895, 898 (D.C. Cir. 2015) (citing *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980)). Withholdings under the deliberative process are deliberative if they reflect the give-and-take of the consultative process. *Machado Amadis v. Dep't of State*, 971 F.3d 364, 370 (D.C. Cir. 2020) (internal quotation marks omitted). Moreover, a document will be regarded as pre-decisional "if it precedes, in temporal sequence, the 'decision' to which it relates," *Abtew*, 808 F.3d at 898. (citation omitted), and if it was "'prepared in order to assist an agency decisionmaker in arriving at his decision,' rather than to support a decision already made," *Petroleum Info. Corp. v. Dep't of Interior*, 976 F.2d 1429, 1434 (D.C. Cir. 1992) (quoting *Renegotiation Bd. v. Grumman Aircraft*, 421 U.S. 168, 184 (1975)). Moreover, withholdings under

the deliberative process privilege are pre-decisional if they pertain to internal legal strategies, research, opinions, and legal impressions regarding sentencing recommendations. *See Coastal States*, 617 F.2d at 854 (holding that "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency" are pre-decisional); *see also Arab Am. Inst. v. Off. of Mgmt. & Budget*, Civ. A. No. 18-0871, 2020 WL 4698098, at *6–7 (D.D.C. Aug. 13, 2020) (holding same).

Here, Plaintiff's sole contention is that the Department has improperly withheld records under the deliberative process privilege because the withheld material, if released in its entirety, supposedly would confirm that the Department improperly considered Mr. Lee's "race and ideology" when "recommending a downward variance in [his] sentencing." Pl.'s Cross-Mot. (ECF No. 27-1) at 7, 16. In other words, while Plaintiff does not dispute that the withheld records may include pre-decisional and deliberative material, it proffers that the Department's deliberative process privilege should be overridden by the supposed possibility that the withheld material contains purported evidence of "government malfeasance." *Id*. at 13 (citing *In Re Subpoena Served Upon Comptroller of Currency & Sec'y of Bd. of Governors of Fed. Rsrv. Sys.*, 967 F.2d 630, 634 (D.C. Cir. 1992)).

Plaintiff's speculative argument notably fails to identify any meaningful evidence to support the allegations of malfeasance. Pl.'s Cross-Mot. (ECF No. 27-1) at 13-16. Indeed, the sum of Plaintiff's "evidence" that Mr. Lee's race or ideology played any role in the Department's sentencing recommendation consists of short, out-of-context excerpts from the final sentencing memorandum filed by the Department in Mr. Lee's case, which includes various, general references to Mr. Lee's confessed motives for committing the arson crime for which he was convicted—and these excerpts make no mention of Mr. Lee's specific ideology. *See id*., *e.g.*, at 13

n.1-2. Such speculation and mischaracterization is insufficient to constitute evidence of bad faith sufficient to overcome an agency's withholding bases. *See Juarez v. Dep't of Just.*, 518 F.3d 54, 59 (D.C. Cir. 2008) (rejecting plaintiff's speculative inferences offered to challenge withholdings); *see also Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 174 (2004) (if "the public interest being asserted is to show that responsible officials acted negligently or otherwise improperly in the performance of their duties, the requester must establish more than a bare suspicion in order to obtain disclosure. Rather, the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred[.]").

Plaintiff also compares Mr. Lee's sentence to the supposedly stiffer sentences received by some of the defendants in the cases arising from the attack on the U.S. Capitol Building on January 6, 2021. Pl.'s Cross-Mot. (ECF No. 27-1) at 13-16. Based upon the above, Plaintiff concludes that the Department's sentencing recommendation for Mr. Lee would not have been made had he been white and a protestor advocating a cause opposed by the Department. *Id*. Again, Plaintiff's speculation is unsupported; it does not account for the reality that different sentences are recommended for different crimes in different jurisdictions to different judges based on different sets of facts applicable to each respective case. In all events, any alleged reference to Mr. Lee's race or ideology in a sentencing memorandum would not justify the conclusion that the Department's sentencing recommendations were determined by Mr. Lee's race or ideology. *See* Supp. Hudgins Decl. ¶¶ 36-48.

Accordingly, the Court should find that the Department has met its burden for asserting the deliberative process privilege.

**B. Defendant Has Shown That the Records Were Properly Withheld Under Exemption 5's Attorney Work Product Privilege.[1]**

Exemption 5 also encompasses the attorney work product privilege, which "shields materials prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." *McKinley v. Bd. of Governors of the Fed. Reserve Sys.*, 647 F.3d 331, 341 (D.C. Cir. 2011) (internal quotations and citation omitted). This privilege protects "factual materials prepared in anticipation of litigation, as well as mental impressions, conclusions, opinions, and legal theories." *Heggestad v. Dep't of Just.*, 182 F. Supp. 2d 1, 8 (D.D.C. 2000).

Here, Plaintiff argues that the Department has improperly redacted information under Exemption 5's attorney work product privilege, because "the Department fail[ed] to put forward a credible argument that release would harm an interest protected" by the attorney work product privilege. Pl.'s Cross-Mot. (ECF No. 27-1) at 17. But this is not so. As explained in the Supplemental Hudgins Declaration, the attorney work product privilege is asserted to "protect[] and insulate[]" documents prepared in contemplation of litigation pertaining to Mr. Lee's case. Supp. Hudgins Decl. ¶ 8. Moreover, the mere fact that Mr. Lee's sentence is currently the subject of an appeal before the United States Court of Appeals for the Eighth Circuit renders the

---

[1] The Department acknowledges and apologizes to the Court and to Plaintiff for any confusion caused by the fact that its Motion inadvertently references the attorney client privilege, instead of the attorney work product privilege, which is what the Department is asserting in this case. This was due to a mistake by the undersigned counsel. Nevertheless, the Department cannot be said to have waived the attorney work product privilege for failing to mention it in its opening brief, because this withholding was properly asserted in the Declaration of Natasha Hudgins (ECF No. 25-3) and Plaintiff responded to the Department's assertion of the attorney work product privilege in its Cross-Motion. *See generally* Pl.'s Cross-Mot.; *see also August v. FBI*, 328 F.3d 697, 701 (D.C. Cir. 2003) (holding that an agency defendant does not waive any exemptions because of failure to assert them due to "human error"). Nevertheless, the Department will not oppose a motion for leave to file a sur-reply addressing (only) the Department's attorney work product privilege arguments, should Plaintiff feel that one is necessary.

Department's instant assertion of the attorney work product privilege particularly apposite. *See generally* Appellant Br., *Lee v. United States*, No. 24-2017, (8th Cir. filed Nov. 21, 2024); *see also SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1203 (D.C. Cir. 1991) ("[W]here an attorney prepares a document in the course of an active investigation focusing upon specific events and a specific possible violation by a specific party, it has litigation sufficiently 'in mind' for that document to qualify as attorney work product."). Accordingly, Defendant's Exemption 5 withholdings qualify for redaction under the attorney work product privilege.

      **C.    Defendant Has Made the Requisite Foreseeable Harm Showing in Support of its Exemption 5 Withholdings.**

Finally, contrary to Plaintiff's representations, disclosure of the information redacted under Exemption 5 would indeed result in foreseeable harm, and the Department has provided sufficient detail pertaining to the withheld information and specified the harms that would result if the information were released. *See, e.g.*, Supp. Hudgins Decl. ¶¶ 49-52. Invariably, "[t]he degree of detail necessary to substantiate a claim of foreseeable harm is context-specific." *Rosenberg v. Dep't of Def.*, 442 F. Supp. 3d 240 (D.D.C., 2020). And in this case, the Department has carried its burden under the deliberative process privilege and attorney work product privilege because it has provided "a focused and concrete demonstration of why disclosure of the particular type of material at issue will, in the specific context of the agency action at issue, actually impede those same agency deliberations going forward." *Reps. Comm. for Freedom of the Press v. FBI*, 3 F.4th 350, 370 (D.C. Cir. 2021).

As further explained in the Supplemental Hudgins Declaration, release of the withheld information would, among other things, undermine the ability of the Department's personnel to "effectively and honestly communicat[e] their perspective on potential agency decision due to fear of public consumption and interpretation[,]" Supp. Hudgins Decl. ¶ 13, while also causing

7

"invasions of privacy to the third-party defendant as well as any victims being discussed." *Id*. ¶ 49. While Plaintiff is entitled to be dissatisfied with the Department's explanations, "[g]iven the preliminary nature of the [withheld information], the chilling effect of public disclosure is in some sense self-evident, and it is difficult to see how [the Department] could have provided any additional explanation as to how disclosure of the draft will cause future agency communications to be chilled." *Nat'l Immigr. Project of Nat'l Lawyers Guild v. ICE*, Civ. A. No. 17-2448 (APM), 2020 WL 5798429 (D.D.C. Sept. 29, 2020)

Therefore, the Department appropriately has identified specific harms that would result if information were released to the public. The Department's declarations and *Vaughn* indices satisfy its burden to meet the foreseeable harm standard. Accordingly, the Department respectfully requests summary judgment with respect to its Exemption 5 withholdings in this case.

### III.   The Department Properly Withheld Information Pursuant to Exemptions 6 and 7(C).

Exemption 6 protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6); *see also Henderson v. Dep't of Just.*, 157 F. Supp. 3d 42, 50 (D.D.C. 2016) (same). "The Court's first task is to determine whether the responsive records are personal, medical or similar files." *Id.* "If so, the Court next determines whether disclosure of the third-party information 'would constitute a clearly unwarranted invasion of personal privacy.'" *Id.* "This second inquiry requires [the Court] to balance the privacy interest that would be compromised by disclosure against any public interest in the requested information." *Id.* (internal quotation marks omitted). "The only relevant public interest in this context harkens back to the principal purpose of the FOIA: to 'shed[ ] light on an agency's performance of its statutory duties[.]'" *Id.*

"Protection under Exemption 6 . . . 'cover[s] detailed Government records on an individual which can be identified as applying to that individual.'" *Id.* "In other words, Exemption 6 is

8

designed 'to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information' maintained in government records, regardless of 'the label on the file[.]'" *Id.* (citation omitted).

"It is the requester's obligation to articulate a public interest sufficient to outweigh an individual's privacy interest, and the public interest must be significant." *Coleman v. Lappin*, 607 F. Supp. 2d 15, 22 (D.D.C. 2009). "'[U]nless a FOIA request advances the citizens' right to be informed about what their government is up to, no relevant public interest is at issue.'" *Henderson*, 157 F. Supp. 3d at 51 (quoting *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 33-34 (D.C. Cir. 2002)). "Courts have held specifically that Exemption 6 covers 'such items as a person's name, address, place of birth, employment history, and telephone number[,]' notwithstanding the nature of the document or file within which this information appears." *Jud. Watch, Inc. v. Dep't of Navy*, 25 F. Supp. 3d 131, 141 (D.D.C. 2014) (citation omitted); *see also Coleman*, 607 F. Supp. 2d at 22 (holding, in part, that individuals' Social Security numbers and dates of birth were properly withheld under Exemption 6).

Moreover, under Exemption 7(C), FOIA exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C); *see also Favish*, 541 U.S. at 160 (same). "As a result of Exemption 7(C), FOIA ordinarily does not require disclosure of law enforcement documents (or portions thereof) that contain private information." *Blackwell v. FBI*, 646 F.3d 37, 41 (D.C. Cir. 2011). "[P]rivacy interests are particularly difficult to overcome when law enforcement information regarding third parties is implicated." *Id.* (internal quotation marks omitted). "[T]he Supreme Court has made clear that requests for such third-party information are

strongly disfavored." *Id.* (internal quotation marks omitted). "That is particularly true when the requester asserts a public interest—however it might be styled—in obtaining information that relates to a criminal prosecution." *Id.*

"[T]o trigger the balancing of public interests against private interests," a FOIA requester must show (i) "'that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake,'" and (ii) "'the information is likely to advance that interest.'" *Boyd v. Crim. Div. of Dep't of Just.*, 475 F.3d 381, 387 (D.C. Cir. 2007) (quoting *Favish*, 541 U.S. at 172).

Plaintiff does not dispute that the Department is a law enforcement agency or that its FOIA request seeks law enforcement records. Pl.'s Stmt. (ECF No. 27-2) ¶¶ 13-14. Pursuant to Exemption 7(C), as well as Exemption 6, the Department withheld confidential, non-public information concerning the third-party criminal defendant contained in the two contested records in this case, including internal information surrounding a sentencing recommendation. Hudgins Decl. (ECF No. 25-3) ¶¶ 18, 22. Most of Plaintiff's challenges to the withholdings under Exemptions 6 and 7(C) are based upon its conclusory claims regarding the Department's purported ideological biases and "racial favoritism." Pl.'s Cross-Mot. (ECF No. 27-1) at 19-20. These unsupported allegations have already been addressed above. *See supra*. Beyond this, Plaintiff cursorily states that the Department has failed to properly articulate how the withheld documents "contain private information not already revealed in . . . other public filings." *Id*. But as explained in the Supplemental Hudgins Declaration, the withheld records contain, among other things, Mr. Lee's "social security number, place of birth, address, physical attributes such as tattoos or markings, drivers license [and] state ID [information], and more intimate details." Supp. Hudgins Decl. ¶ 33. Plaintiff has not provided proof of, and the Department does not have, Mr. Lee's

authorization to release such information. *Id*. ¶ 31. Accordingly, the Court should find that the Department is entitled to summary judgment with respect to its withholdings under Exemptions 6 and 7(C).

## IV. **Defendant Performed an Adequate Segregability Analysis.**

Finally, Plaintiff appears to dispute the adequacy of the Department's segregability analysis. Pl.'s Cross-Mot. (ECF No. 27-1) at 24-25. But Plaintiff does not respond to the Department's Motion, in which it explains why its segregability analysis is adequate. *Id*. Instead, Plaintiff merely states that the Declaration of Natasha Hudgins (ECF No. 25-3) is "no longer entitled to the presumption that it complied with the law" because it supposedly exhibits "bad faith." Pl.'s Cross-Mot. (ECF No. 27-1) at 25. An examination of Plaintiff's Cross-Motion reveals that the exclusive basis for this allegation derives from the fact that the Department removed some of its initial redactions under Exemptions 6 and 7(C) after Plaintiff filed its Complaint in this action. *Id*. at 24-25. It is, however, entirely routine and proper for agencies to reexamine and refine their withholdings, which both ensures the appropriate release of non-exempt information where no foreseeable harm is apparent and safeguards material that properly is withheld. *See Food Mktg. Inst. v. Argus Leader Media*, 588 U.S. 427, 439 (2019) ("FOIA expressly recognizes that 'important interests [are] served by [its] exemptions,' and '[t]hose exemptions are as much a part of [FOIA's] purpose[s and policies] as the [statute's disclosure] requirement.' So, just as we cannot properly expand Exemption 4 beyond what its terms permit, we cannot arbitrarily constrict it either by adding limitations found nowhere in its terms." (citations omitted)). The mere fact that the Department may have changed its position in the manner described above does not constitute evidence of bad faith. *See*, *e.g.*, *Budik v. Dep't of Army*, 742 F. Supp. 2d 20 (D.D.C. 2010) (explaining that a redaction made initially that was subsequently voluntarily released is not

sufficient to demonstrate agency bad faith). As such, the Court should find that the Department's segregability analysis was adequate and fulfilled the requirements of the law.

## CONCLUSION

For the reasons set forth above, and those in the Department's moving papers, the Department respectfully requests that the Court enter summary judgment in its favor.

Date: February 3, 2025
      Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR.
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   */s/ Fithawi Berhane*
    FITHAWI BERHANE
    Assistant United States Attorney
    601 D Street, N.W.
    Washington, D.C. 20530
    (202) 252-6653
    Fithawi.Berhane@usdoj.gov

*Attorneys for the United States of America*